EXHIBIT-C

# THOMAS INVESTIGATIVE SERVICES

ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

October 1, 2014

Scottie Bernard Shaver
404 Edgell
South Haven, Michigan 49090
currently:
Michigan Department of Corrections
Ionia, Michigan

Dear Sir:

Prior to reporting on my investigation into your case, I would like to advise you of my activities to date:

1. I opened a file on January 9, 2014;
2. On January 15, 2014, I traveled to your facility to meet with you. Due to paper work at the facility, that meeting did not occur.
3. On March 7, 2014, I met with you at the facility.
4. On March 11, 2014, I met with your Attorney Donald Sappanos in Kalamazoo at his office. We had a long discussion regarding your file and all of the information attained. Before leaving his office, I received three "Banker's Boxes" containing his court copy and investigative file on your case. I am still in possession of that material.
5. From the time I received your case material, I have had numerous calls from your family and you and I can assure you that I have spent many hours reviewing this material.

By way of introduction, I would like you to know how I got involved in reconstruction this accident. In 1964, I was sworn in as a member of the Michigan State Police as a Trooper. I worked in the field as an investigative officer until I was promoted to the rank of Sergeant in 1974. I worked in the 6th District Traffic Services Division in Grand Rapids. Prior to that, because of the extensive training that I had obtained as a Trooper, I had been assigned to assist the Detective Bureau at the Rockford Post with the investigation of Major Case work, working in plain clothes in the Detective Bureau. In 1976, I was selected by the Director of the State Police Colonel Gerald Hough to develop a program to train Troopers in the department in the field of Accident Investigation. Subsequently the program was developed and taught to the Troopers at the State Police Academy. I taught this program to over 400 officers until I retired in 1986. After retirement, I obtained a Private Investigator's license from the State of Michigan and continue to reconstruct accidents to this date. A copy of my C.V. is attached. I have worked on over 3,000 cases in 23 states and Canada and have testified in over 350 cases, The majority of the cases were of either critical or fatal nature.

After an extensive review of your file, I have found are several areas that I will cover in my in my analysis and report to you.

THOMAS INVESTIGATIVE SERVICES

ACCIDENT RECONSTRUCTION CONSULTANT

810 PENDLETON DRIVE N.E.

COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210

EMAIL: THOMASINV@AOL.COM

Mr. Shaver:

Page 2

This is an overview summary of the accident that took the life of Deborah Kay Boothby.

On April 26, 1998, Officer J. Allen, of the Covert Township Police Department, responded to an accident on Blue Star Highway, where a woman identified as Deborah Kay Boothby was struck. She later died at the hospital. Later, a vehicle was identified and the driver, Adrian Burnette was also identified. Scottie Shaver was a passenger in the vehicle. The victim, Deborah Kay Boothby was struck in the north bound lane of Blue Star Highway while walking northbound. The evening was very dark with heavy rain. Jeannine Black and her sister observed Deborah Boothby walking in a "drunken" manner, which she was. Her BAC or Blood Alcohol Level was .27 - very drunk. The Black sisters turned around on Blue Star Highway to go back and assist the victim. In the interim,
two (2) other vehicles left the Blue Star Lounge. When the Black sisters returned, they found the victim laying prone on the pavement. Both vehicles or either vehicles leaving the bar may have struck the victim.

There was NO request made by the Covert Township Police Department to have a trained Accident Reconstructionist investigate this accident. Accident reconstructionists are trained to determine the cause of an event. The proper protocol for this type of accident is well studied and investigated. None of this protocol was asked for or completed. In this case, the testimony and investigation speaks for its' self. It is entirely lacking in procedure.

The local medical examiner, Waldemar A. Palutke, M.D.,states the Cause of Death to be Multiple Blunt Force Trauma. This is a very vague and general answer especially when he states that the manner of death is undetermined.

The testimony of Dr. Brian Hunter, M.D. is very clear. In short, the victim was walking in the road and was struck by one or two vehicles. She went down on the pavement after impact and had a broken spine. She did not have any visible signs of (bruising) a fight. This is written and sworn to in testimony.

Ten years after this incident, June 30, 2009, Joyce L. deJong, D.O. sent a letter to Dr. Rex Cabaltica, to supply information recently available to law enforcement regarding the death of Deborah Boothby. The manner of death should be classified as homicide. Information from Detective Diane Oppenheim, Michigan State Police, cold case 10 years old.

# THOMAS INVESTIGATIVE SERVICES
ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

Mr. Shaver:
Page 3

After review of your file, it appears that the Covert Township Police Department called the State Police and asked for a "cold case" investigation. They assumed this was a homicide and not an accident. The investigation appears to have taken a very direct approach to say that the death of Deborah Boothby was a homicide.

The greatest fault that I found with the investigation is that NONE of the interviews conducted during the investigation were recorded and preserved. Following proper protocol to a trained investigator means "Record What You Hear". This was not done. If an officer such as Diane Oppenheim interviews suspects as many times that I believe she did, it raises a big question as to how this case was handled and how the investigation was conducted.

Based on the material that I have read and analyzed - I recommend that your attorney pursue this matter following proper legal avenues on your behalf. These are very appealable issues.

Respectfully,

Thomas Investigative Services

Thomas G. Bereza

TGB/eb
Enclosure: C.V.

THOMAS INVESTIGATIVE SERVICES

ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

December 16, 2014

Scottie Bernard Shaver,    No.:405-867
Bellamy Creek Corrections
1727 West Blue Water Highway
Ionia, Michigan 48846

**RE: STATE OF MICHIGAN V. SCOTTIE BERNARD SHAVER**

# AFFIDAVIT

That I , Thomas G. Bereza, if duly sworn, will testify to the following facts and information regarding the listed file.

That I have attached a copy of my C.V. to this Affidavit.

That since my retirement from the Michigan State Police in 1986, I have been self employed as a Private Investigator in the State of Michigan. The sole concentration of my practice has been as a Traffic Accident Investigator and Accident Reconstruction Specialism.

That I have been retained to conduct work on accidents in over three thousand cases in Twenty Three States and Canada. This would include investigating and testifying as an expert witness in a diverse assortment of court systems and at every level of jurisdiction from Federal on down.

That on January 12 , 2014, I was retained on this file to complete a review of same and its' Investigation.

That this event and subsequent trial occurred April 26, 1998. The initial investigation involved a pedestrian named Deborah Kay Boothby who was struck by a car and subsequently died. This was not a hit and run accident.

That this accident occurred in VanBuren County, Covert Township on the Blue Star Highway at or near the entrance of the Blue Star Lounge, at approximately 2:30 A.M.

That at the time of the accident, Chief Winans, of the Covert Police Department, stated that the scene was very dark and it was raining very hard with low visibility. The status of this file was left open and it, the file, became a "cold case" until January of 2009

That prior to 2009, this was a cold case file. Prior to this date, the Covert Police Department never contacted the Michigan State Police for assistance with an investigation. That would have included an Accident Reconstruction or Crime Laboratory Personal.

# THOMAS INVESTIGATIVE SERVICES
ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

Mr. Shaver:
Page 2

That this file brought to the attention of D/Sgt. Diane Oppenheim of the Michigan State Police South Haven Post, complaint No.055-0001422-99..A Supplemental Report was issued on September 26, 2007. The question arises as to how you can make a report two years before the case is reopened.

That D/Sgt Oppenheim conducted a large number of investigation interviews of persons that she thought were involved in this accident. None of these interviews were <u>recorded</u> by her. All of the data is her own interpretation of the interviews. There are no copies of these interviews in the file. This means of investigation is against proper protocol for an investigation.

That there are important issues that I have listed that are completely contrary to the opinions given by D/Sgt Oppenheim.:
1. Prior to leaving the Bar, there was no knocked down dragged out fight within the Bar.- According to witnesses.
2. Deborah Kay Boothby did fall off of a barstool without assistance. Her blood alcohol level Was w/.27.
3. Deborah Kay Boothby walked out of the bar and was then leaning against a parked car until She was pushed away from the car by its' owner - according to witnesses.
4. Deborah Kay Boothby then walked fifty plus yards west out to Blur Star Highway. She was seen staggering around the Highway by the Black Sisters who were driving by. They turned around to go back and assist her. They observed two vehicles leaving the bar parking lot before they got back to her. They then saw Deborah Boothby laying prone on the pavement of the northbound lane. No one else was around the area.
5. The Police were called as was the Ambulance who transported her to the hospital.
6. Ms. Boothby was run over by one of or both vehicles who left the parking lot of the bar. The impact broke her spine and she could not move after impact. Boothby died at the Hospital.
7. This is the sequence of her death.
8. That her body showed no signs of a beating .

That I have enclosed two letters to show medical examiner evidence ( the body).
1. A letter to Dr.Cabaltica, VanBuren County Medical Examiner from Joyce L. deJong, D.O. Medical Director of Forensic Pathology from Sparrow Health Systems, addressing the issue of changing the cause of death of Boothby to a beatings. It was changed to murder.
2. The information was from D/Sgt Oppenheim. What evidence did she have? She is not a Medical Examiner or a Reconstructionist.
3. The second letter - see charge - Label (0900-1) / Murder- Negligent Manslaughter.

# THOMAS INVESTIGATIVE SERVICES
ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

Mr. Shaver:
Page 3

That there are two different scenarios to evaluate in this death
1. The factual evidence given by the witnesses describing the accident on the highway.
2. The unrecorded interviews and tthe analysis of D/Sgt. Oppenheim

That I have investigated over two hundred (200) pedestrian accidents in my carrier. Many of them involving the same factors.
1. Driving under the influence of alcohol,
2. Poor conspiquity - unable to see,
3. Pedestrian under the influence,
4. Very dark conditions, inclement weather,
5. Investigation by Police tainted,
6. Poor investigation by the Medical Examiner of VanBuren County.

That as a result of my investigation, I have reached the following opinion as to the cause of the Death of Deborah Kay Boothby.
1. Adrian Burnette was driving a vehicle under the influence of alcohol when she struck and killed Deborah Kay Boothby. She pled guilty to a reduced charge.
2. Scottie Bernard Shaver was a passenger in the vehicle driven by Adrian Burnette that struck and killed Ms. Boothby - testimony of Ms. Burnette.

Further Affient Sayeth Not on this 17th day of December, 2014

Thomas G. Bereza

Notary Public
Kent County, Michigan

KELLY M CARLSON
Notary Public - Michigan
Oakland County
My Commission Expires May 15, 2020
Acting in the County of _____

My Commission expires: _May 15th, 2020_

**THOMAS INVESTIGATIVE SERVICES**
ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

January 23, 2015

Scottie Bernard Shaver - No: 405-867
Michigan Department of Corrections
9625 Pierce Road
Freeland, Michigan 48623

**RE: STATE OF MICHIGAN V.** IVORY LEE SHAVER ████████████

# AFFIDAVIT

That I, Thomas G. Bereza, if duly sworn, will testify to the following facts and information regarding the aforementioned file.

That I issued my initial report on October 1. 2014. Copy attached.

That I issued a signed Affidavit on December 16, 2014. Copy attached.

That on April 26, 1998, at approximately 2:34 A.M., Officer J. Allen responded to an accident on the Blue Star Highway, VanBuren county, covert Township, where Deborah Kay Boothby had been struck by an automobile.

That from the onset of this event, the officers knew that this was a "hit and run" fatal car-pedestrian accident. That as the Chief of Police, Winans of the Covert Police Department stated - It was very dark, raining very hard with low visibility. As a result, No assistance by a trained accident reconstructionist was requested.

That I have attached a ten (10) page Covert Police report that was submitted. (See this report of interviews of witnesses.)

That I, as a Professional Accident Reconstruction Specialist, have reached the opinion that this accident causing the death of Deborah Kay Boothby could have and should have been investigated and solved within days after it occurred.

That at this time, I will cover the primary work that could have and would have been conducted by an Accident Reconstruction investigator, again IF they had been called out that night.

## Thomas Investigative Services

ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

Mr. Shaver::
Page 2

That RAIN is <u>NOT</u> an excuse for not working the scene.
1. The scene could have been lit up by the fire department and spot lights,
2. Survey marks and measurements - blood spots identified, roadway and driveway , the Bar's parking lot, building interior and any scene evidence should have been addressed.
3. The layout and measurements of the scene should have been conducted.

That with the data obtained from witnesses interviews it would have been possible to construct **A TIME LINE** of the movement of the people involved and the vehicles involved.

That <u>VERY IMPORTANT FACTORS</u> critical to this investigation are:
1. Victim walking in the parking lot,
2. Victim walking in the roadway,
3. Position of the body - blood spots on roadway,
4. Investigation from a Forensic Medical Examiner.
That two vehicles were observed leaving the parking lot together,
1. Latisha Corrine Holling was driving a dark car who was behind Adrian Burnette,
2. Adrian Burnette was driving a white car. However, In the report. Holling's vehicle is Not listed or identified.
That neither vehicles were given a full forensic examination. It is my opinion that one of the drivers hit the victim and the other one ran over the victim
That the clothing of the victim was gathered up by the police. It appears that <u>NO TESTS</u> were ever conducted by the crime lab.
1. Paint transfers to clothing or vehicles can go both ways.
2. This is key evidence and positive information for the examiner.

That Adrian Burnette entered a guilty plea to Perjury in this case. I have read the fact that Scottie Shaver was pointed out by Adrian Burnette as the person causing the death of Deborah Kay Boothby. The fact of this accusation should be closely examined because the information does not support the evidence.

That another fact very important in this case is the letter signed by Joyce L. delong, D.O., Medical Director of Forensic Pathology of sparrow Health Systems to Dr. Cabaltica. (Copy attached.) This letters deals with changing the cause of death of Deborah Kay Boothby to homicide from blunt force trauma as was originally listed. This was dated in 2009. The question still is what and where is the evidence to support the change in the cause of death.

That I find <u>NO</u> report that list's a reason for this request. This request was made by Detective Diane Oppenheim of the Michigan State Police - ten (10) years after the accident this was in a cold case file.

## THOMAS INVESTIGATIVE SERVICES
ACCIDENT RECONSTRUCTION CONSULTANT
810 PENDLETON DRIVE N.E.
COMSTOCK PARK, MICHIGAN 49321

THOMAS G. BEREZA

(616) 784-0490

FAX (616) 784-0210
EMAIL: THOMASINV@AOL.COM

Mr. Shaver:

That the investigation I have made of this death leads me to believe that the cause of this death is a HIT & RUN FATAL CAR - PEDESTRIAN ACCIDENT.

That there are many questions still to answer as to WHY this became a homicide investigation.

Further Affient Sayeth Not on this 26 th day of January, 2015.

Thomas G. Bereza

Notary Public
Kent County, Michigan

My commission expires:

OMAR CUEVAS
Notary Public - Michigan
Kent County
My Commission Expires Feb 22, 2017
Acting in the County of