UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

IVORY LEE SHAVER,

                    Petitioner,                 Case No. 1:20-cv-61

v.                                              Honorable Paul L. Maloney

SHANE JACKSON,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Dismissal of Petition under Rule 4, Rules Governing Section 2254 Cases, as barred by the statute of limitations. (ECF No. 6.) Petitioner has failed to respond to the motion within the allotted time under this Court's local civil rules. *See* W.D. Mich. LCivR 7.2(c) (providing that a party opposing a dispositive motion shall respond within 28 days after service of the motion). For the reasons that follow, I conclude that the petition is barred by the one-year statute of limitations and recommend that the petition be dismissed.

### I.        Factual Allegations

Petitioner Ivory Lee Shaver is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Following a jury trial in the Van Buren County Circuit Court, Petitioner was convicted of first-degree murder, Mich. Comp. Laws § 750.316. On July 11, 2011, the trial court sentenced Petitioner to life in prison without the possibility of parole. Shaver appealed to the Michigan Court of Appeals, which affirmed his conviction on September 12, 2013. Shaver did not timely file an

application for leave to appeal to the Michigan Supreme Court and did not seek certiorari from the United States Supreme Court.

In May 2017, Shaver filed a motion for relief from judgment in the Michigan trial court, which was denied on June 28, 2017. Shaver filed a delayed application for leave to appeal to Michigan Court of Appeals, which that court denied on May 18, 2018. A motion for reconsideration was denied on June 25, 2018. Shaver then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on February 4, 2019.

On January 24, 2020, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on January 22, 2020. (Pet., ECF No. 1 at PageID.15.)

## II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Section 2241(d)(1)(A)

In most cases, Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals, which issued an unpublished opinion on September 12, 2013, affirming his conviction. Petitioner did not timely file an application for leave to appeal in the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (the time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time or seeking such review*") (italics added). However, in such a case, the petitioner is not entitled also to count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2). Accordingly, Petitioner's conviction became final on November 7, 2013. Petitioner had one year from that date, or until November 7, 2014, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, a collateral petition can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir.2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired on November 7, 2014, his motion for relief from judgment—filed more than two years later, in May 2017—cannot serve to revive the limitations period.

**B.    Section 2244(d)(1)(D)**

Petitioner's habeas application also is time-barred when analyzed under § 2244(d)(1)(D). That section provides that the period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under Section 2244(d)(1)(D), the limitations period begins to run when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "The question under the provision is not when prisoners first learned of the new evidence; it is

4

when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond*, 295 F. Supp. 2d at 771 (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)). "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 771 (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of Section 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims). "The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

Petitioner claims that he has newly discovered evidence consisting of (1) an accident reconstruction report and (2) an affidavit from his codefendant and brother, Scottie Shaver. This purported new evidence is insufficient to support the application of Section 2244(d)(1)(D) because Petitioner could have obtained the evidence long before he filed his petition—even before trial. First, although Petitioner refers to an affidavit from Scottie Shaver (ECF No. 2 at PageID.21), he

did not attach a copy to his petition or brief in support of the petition. Regardless, Petitioner knew what his brother and codefendant had to say about Petitioner's guilt or innocence; he does not explain why he could not have discovered the factual content of the affidavit through the exercise of reasonable diligence. Moreover, Petitioner fails to state when he received the affidavit and why he could not have discovered the factual predicate for his claims based on the alleged affidavit. Petitioner also refers to an accident reconstruction report and related affidavits from Thomas G. Bereza of Thomas Investigative Services. (ECF No. 2 at PageID.29–30.) Petitioner attached the report and two affidavits as Exhibit C to his brief. (ECF No. 2-4.) The report is dated October 1, 2014, the first affidavit is dated December 16, 2014, and the second affidavit is January 26, 2015. Petitioner fails to show why he could not have obtained the report and affidavit from Mr. Bereza, with reasonable diligence, at any time after the alleged accident up until the time of trial. Moreover, Petitioner had these materials more than two years before he filed his motion for relief from judgment and five years before he filed his petition in this case. Accordingly, Petitioner fails to show that Section 2244(d)(1)(D) is applicable in this case.

### C.    Equitable Tolling

The one-year limitations period applicable to Section 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Fla.*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Although Petitioner claims he is entitled to equitable tolling, he fails to allege any fact or circumstance that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Petitioner has not shown that some extraordinary circumstance prevented him from timely filing his petition and, as set forth above, he has not diligently pursued his rights. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 395 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable

diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, Petitioner asserts that he is actually innocent based on the Bereza accident reconstruction report and affidavits and an affidavit from his brother and codefendant, Scottie Shaver (which he has not provided to the Court). This evidence does not meet the demanding standard set forth in *McQuiggin* that it is more likely than not that no reasonable juror would have convicted Petitioner. As for the Bereza report, it merely disputes the prosecution's theory—based on the testimony of Adrienne Burnette—that Petitioner and his codefendants beat the victim, Deborah Boothby, unconscious, took her to a remote area where they beat her and choked her again, and then left her on the side of the road and staged a hit-and-run accident. The Bereza report and affidavits do not undermine the prosecution's case against Petitioner. Similarly, whatever the Scottie Shaver affidavit may say, it is suspect for two reasons. First, Scottie Shaver is a codefendant and has an inherent interest in Boothby's death being found an accident. Scottie Shaver is also Petitioner's brother and thus has an interest in Petitioner's exoneration. Thus, a reasonable juror would view whatever is in the affidavit with a healthy dose of skepticism. In short, the proffered new evidence does not make it more likely than not that no reasonable jury would have convicted Petitioner. *Schlup*, 513 U.S. at 329. His habeas petition therefore is time-barred and must be dismissed.

## III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d

466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

However, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Recommended Disposition

For the foregoing reasons, I recommend that Respondent's motion to dismiss (ECF No. 6) be granted, and the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.


Dated: November 25, 2020                              /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).